UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BRENDA J. GULLEY, )
      Plaintiff, )
       )
v. ) NO. 2:12-CV-352
       )
BUFFALOE & ASSOCIATES, PLC, )
      Defendant. )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court to consider a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction filed by the defendant, Buffaloe & Associates, PLC ("Buffaloe"). Buffaloe submitted an offer of judgment to plaintiff, Brenda J. Gulley, on her claim Buffaloe violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, to which plaintiff did not respond. Buffaloe argues this offer of judgment moots plaintiff's case because it satisfied plaintiff's demand for statutory damages. Plaintiff contends that Buffaloe's Offer of Judgment has offered plaintiff less than all of the relief to which she is entitled under the FDCPA because the offer only includes costs and fees up to the date of the offer.[1] Therefore, plaintiff contends that her failure to accept the Offer of Judgment does not moot her case or deprive this Court of subject-matter jurisdiction.

For the following reasons, the Court agrees in part with Buffaloe that the plaintiff's claim is moot and this Court lacks subject matter jurisdiction. The Court will enter judgment in favor

---

[1] The defendant offered the plaintiff statutory damages in the amount of $1001.00. Plaintiff's response to Buffaloe merely relies upon her argument that she is entitled to post-judgment attorney's fees and does not respond to Buffaloe's contention that Plaintiff does not seek actual damages. Plaintiff's failure to respond to Buffaloe's argument forfeits this claim. *See Notredan, LLC v. Old Republic Exchange Facilitator Co.,* 531 F. App'x 567, 569 (6th Cir.2013)

1

of the plaintiff in accordance with the defendant's Rule 68 offer of judgment and refer this matter to the Magistrate Judge for a determination of costs and reasonable attorney's fees incurred as of the date of the offer of judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff opened a credit card account with Capital One Bank ("Capital One") and subsequently defaulted on her required periodic payments. On September 29, 2011, Buffaloe filed a civil warrant and affidavit, as an agent of Capital One, on behalf of Capital One in the General Sessions Court for Greene County, Tennessee, which was served on the plaintiff. The affidavit stated the debt amount owed to Capital One was $1,533.28 in principal, and alleged interest accruing as of June 28, 2011 at a rate of 24.90%. On December 11, 2011, Buffaloe sent a collection letter to plaintiff in an attempt to collect the debt alleging a debt in the amount of $1,690.78 as of the date of the letter. Buffaloe also sent a letter dated January 24, 2012, to plaintiff's counsel enclosing documentation from Capital One in regard to the debt allegedly owed by the plaintiff. The plaintiff filed the instant action on August 19, 2012.

## II. DISCUSSION

On September 11, 2013, Buffaloe submitted an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure in the amount of $1,001 plus costs and reasonable attorney's fees "to the date of this Offer of Judgment." (Doc. 28-1]. Plaintiff never responded to this offer of judgment. In its motion to dismiss, Buffaloe argues this action should be dismissed for lack of subject matter jurisdiction, as the offer of judgment moots the case.

Rule 68 provides "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." The Sixth Circuit has concluded that "an offer of judgment that satisfies a

2

plaintiff's entire demand moots the case." *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 574–75 (6th Cir.2009). Because Article III's case and controversy requirement is one that must be satisfied throughout the case, a Rule 68 offer of judgment that moots a case also divests a court of subject matter jurisdiction over the action. *Hrivnak v. NCO Portfolio Mgmt., Inc.,* 719 F.3d 564, 566–67 (6th Cir.2013).

At issue in this case is whether the offer of judgment actually met Plaintiff's full demand. Buffaloe offered Plaintiff "to take Judgment [ ] in the amount of $1,001.00, plus reasonable attorneys' fees and costs incurred as against Buffaloe only, to the date of this Offer of Judgment" [Doc. 28-1]. Plaintiff does not dispute that this offer included all she could hope to recover on her claim for statutory damages.[2] However, plaintiff argues the offer of judgment improperly caps attorney's fees at the date of the Offer of Judgment, which precludes recovery of some necessary fees accrued "explaining the offer to plaintiff, preparing and serving an acceptance on Buffaloe's attorneys, filing an acceptance of the offer with the Court, preparing a fee application and filing a motion and memorandum for attorney's fees and costs, preparing and filing a reply to the inevitable response by Buffaloe to the fee application, and collecting and distributing the settlement check to plaintiff." Therefore, plaintiff contends she is not accorded her full claim for attorney fees and costs.

Both parties cite cases supporting their view. For example, Buffaloe points to *Ambalu v. Rosenblatt,* 194 F.R.D. 451, 452 (E.D.N.Y.2000), in which the defendant offered "one thousand dollars ($1,000), the costs of the action, and a reasonable attorney's fee incurred up through the date of the offer as determined by the court." The court concluded the offer of judgment mooted

---

[2] The defendant offered the plaintiff statutory damages in the amount of $1001.00, or $1.00 more than the $1,000.00 in statutory damages that she is entitled to receive under 15 U.S.C. §1692k(a)(2)(A). As previously noted, plaintiff has abandoned her claim for actual damages.

3

the case and it entered judgment against the defendant in accordance with the offer of judgment, retaining jurisdiction to determine a reasonable amount of attorney's fees and the costs of the suit. In *O'Brien v. Ed Donnelly Enterprises, Inc.,* 575 F.3d 567, 575 (6th Cir. 2009), the Sixth Circuit approved of this procedure stating "we believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment, as the district court did in this case, following the lead of district courts in the Second Circuit." (citing *Ambalu,* 194 F.R.D. at 453).

Additionally, Buffaloe cites two cases from the Eastern District of Tennessee. In *Derry v. Buffaloe and Associates, PLC*, 2014 WL 460879 (E.D. Tenn. Feb. 5, 2014), and *McGhee v. Buffaloe and Associates, PLC*, 2014 WL 460880 (E.D. Tenn. Feb. 5, 2014), District Judge Curtis Collier concluded that Buffaloe's Offer of Judgment mooted plaintiff's claim even though the issue of attorney fees and costs remained outstanding. Although the plaintiff cites to several cases concluding that post-judgment attorney's fees are enough to preclude an offer of judgment from mooting a case, the reasoning in these cases is inconsistent with the Sixth Circuit's position in regard to mootness and attorney's fees and costs. *See, e.g., Andrews v. Prof'l Bureau of Collections of Md., Inc.,* 270 F.R.D. 205 (M.D.Pa.2010); *Hernandez v. Asset Acceptance, LLC,* 279 F.R.D. 594 (D.Colo.2012); *Scott v. Fed. Bond & Collection Serv., Inc.,* 2011 WL 176846 (N.D.Cal. Jan.19, 2011).

The Court agrees with Judge Collier's reasoning in the *Derry* and *McGhee* cases that *O'Brien* supports the conclusion that plaintiff's claim is moot. *O'Brien* was a consolidated appeal including an appeal from *Dellarussiani v. Ed Donnelly Enters., Inc.,* 2007 WL 3025340 (S.D.Ohio). In *Dellarussiani,* the offer of judgment included an amount in excess of what the plaintiff could hope to obtain as well as "costs accrued to date and reasonable attorney's fees." *Id.*

4

at *6. The plaintiffs argued the offer of judgment precluded them from obtaining all attorney's fees and costs. Relying on *Ambalu,* the district court concluded the offer of judgment mooted the case. *Id.* at *7. The district court then granted only attorney's fees "incurred through, but not after" the offer of judgment. *Id.* at *14.

On appeal, the Sixth Circuit agreed with the district court. The court noted that "a Rule 68 offer can be used to show that the court lacks subject-matter jurisdiction." *O'Brien,* 575 F.3d at 574. As such, "an offer of judgment that satisfies a plaintiff's entire demand moots the case." *Id.* On appeal, the "plaintiffs argue[d] that the defendants' offer of judgment did not include attorneys' fees and costs." *Id.* at 575. However, the court agreed with the district court that "offers of judgment with language similar to defendants' offer have been deemed by other district courts sufficient to moot the claims at issue." *Id.* (citing *Ambalu,* 194 F.R.D. at 452; *Greisz v. Household Bank (Ill.), N.A.,* 176 F.3d 1012, 1014 (7th Cir.1999) ( *Greisz v. Household Bank (Ill.), N.A.,* 176 F.3d 1012, 1014 (7th Cir.1999) (offering judgment of "$1,200 plus reasonable costs and attorneys' fees" was "more than [the plaintiff's] claim was worth to her in a pecuniary sense")). Relying on these cases, the Sixth Circuit affirmed. Thus, this Court concludes that Buffaloe's offer of judgment has mooted this action

Although Buffaloe appears to argue Plaintiff should be precluded from recovery at all, the Sixth Circuit has explicitly rejected the "view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand." *O'Brien,* 575 F.3d at 575. Instead, when an offer of judgment "moots" a case, the Sixth Circuit has indicated that district courts should "enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment." *Id.* Accordingly, the Court will enter judgment against Buffaloe in accordance with the Offer of Judgment extended to the plaintiff.

5

As noted by Judge Collier, as a policy matter, allowing plaintiffs' claim to go forward in spite of the fact that she has been offered all the relief she sought in her complaint only encourages needless litigation to amass attorney's fees. The Supreme Court has made clear that "an interest in attorney's fees ... is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 107, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 480, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Buffaloe's motion. [Doc. 28]. The Court will **ENTER** judgment against Buffaloe in accordance with its offer of judgment of $1,001.00, and **REFER** this matter to the Magistrate Judge for a determination of costs and reasonable attorney's fees as of the date of the Offer of Judgment. The defendant's motion for Judgment on the Pleadings is **DENIED** as **MOOT**. [Doc. 16].

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE